IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; and TRUSTEES OF THE 8A-28A (401)k RETIREMENT FUND, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 12 C 5241 |
| | ) | |
| JOHN CICHY, Individually and d/b/a LAKESIDE RESTORATIONS, | ) ) | Judge |
| | ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ , JAMES R. ANDERSON, GREGORY W. HOSE, and ARNOLD AND KADJAN, complain against the Defendant **JOHN CICHY Individually and d/b/a LAKESIDE RESTORATIONS,** as follows:

### COUNT I

#### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Fund is administered here in this judicial district.

#### The Parties

3.     The Plaintiffs are the Trustees of the Chicago Painters and Decorators  Welfare Fund ("the Welfare Fund"), and have standing to sue  pursuant to 29 U.S.C. Section1132(d)(1).

1

4.     The Welfare Fund  has  been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the  "Union"), and certain employer associations, including the Chicago Metal Contractors Association.

5.     The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Fund.

6.     **JOHN CICHY, individually and d/b/a LAKESIDE RESTORATIONS** **("CICHY ")**, on or about August 26, 2011 ,  executed a Labor Agreement with the Union which binds **CICHY**  to the collective bargaining agreement between the Chicago Metal Contractors Bargaining Association.    See copy attached as Exhibit "A."

<h3 style="text-align:center">The Agreements</h3>

7.     Pursuant to the provisions of the Labor Agreement, **CICHY** is bound to the Trust Agreement  and is required to make periodic contributions to the Funds for each employee employed  during that month.

8.     Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **CICHY**  is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it  is in compliance with its obligation to contribute to the Funds.  In addition, the Labor Agreement and the Trust Agreement  require **CICHY**  to    pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

2

**The Claim**

9.    **CICHY** breached the provisions of the Labor Agreement and Trust Agreement  by failing to submit its reports and contributions to the Welfare Fund for the period from April 2012 through  the present.

10.    Pursuant to the provisions of the Labor Agreement and Trust Agreements, **CICHY**  is  required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Welfare Fund in the collection process.

11.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **CICHY.**

12.    **CICHY** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13.    Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ), Plaintiffs are entitled to an amount equal to the greater of:

(I)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements
not in excess of 20% of the amount that is due.


**Relief Sought**

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That **CICHY**  ordered to produce reports and contributions for the work months from April, 2012   through the present;

3

B.  **CICHY**  be ordered to produce books and records for a fringe benefit contribution compliance audit for the period from August 26, 2011   through the present;

C.   That judgment be entered  in favor of Plaintiffs and against **CICHY**  in the amount shown to be due on the reports and on the audit,

D.   That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs,  all as provided  29 .U.S.C. Section 1132(g)(2)(D); and

E.   That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT II

### Jurisdiction and Venue

1-2.   Plaintiffs reallege paragraph 1 of   Count I as and for paragraph 1 of this Count II.

2.   The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Defendant resides in this judicial district.

### The Parties

3.   The Plaintiffs are the Trustees of the Local 8A-28A 401(k) Retirement Fund ("Retirement Fund") and have standing to sue  pursuant to 29 U.S.C. Section1132(d)(1).

4.   The Retirement  Fund is an employee pension benefit fund in that it was established by Agreements previously entered into between Local 8A-28A  and certain employers for the purpose of providing retirement benefits to employees.

5.   The Retirement Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee  Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to

4

the terms and provisions of the Collective Bargaining Agreements and Declaration of Trust ("Trust Agreement") which established the Retirement Fund.

6.      Plaintiffs reallege paragraph 6 of Count I as and for paragraph 6 of this Count II.

## The Agreements

7.      Pursuant to the provisions of the Labor Agreement, **CICHY** is bound to the Trust Agreement and is required to make periodic contributions to the Retirement Fund for hours worked by its employees.

8.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **CICHY** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Retirement Fund. In addition, the Labor Agreement and the Trust Agreement require **CICHY** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

9.      **CICHY** breached the provisions of the Labor Agreement and Trust Agreement by failing to submit its reports and contributions to the Retirement Fund for the period from August 26, 2011 through the present.

10.      Pursuant to the provisions of the Labor Agreement and Trust Agreement, **CICHY** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Retirement Fund in the collection process.

11.      Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **CICHY.**

5

12.      **CICHY** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13.      Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ), Plaintiffs are entitled to an amount equal to the greater of:

(I)      interest on the unpaid contributions; or

(ii)      liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That **CICHY** ordered to produce reports and contributions for the work months from August 26, 2011 through the present;

B.      **CICHY** be ordered to produce books and records for a fringe benefit contribution compliance audit for the period from August 26, 2011 through the present;

C.      That judgment be entered in favor of Plaintiffs and against **CICHY** in the amount shown to be due on the reports and on the audit,

D.      That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided 29 .U.S.C. Section 1132(g)(2)(D); and

E.      That this Court grant such other and further relief as may be appropriate under the

circumstances.

                                      Respectfully submitted,

                                      TRUSTEES OF THE CHICAGO PAINTERS
                                      AND DECORATORS WELFARE FUND and
                                      TRUSTEES OF THE 8A-28A (401)(k)
                                      RETIREMENT FUND,

                                      By:    ____S/James R. Anderson_____
                                             One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSE
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
(312) 236-0415

7

EXHIBIT A

## METAL POLISHERS MEMORANDUM OF AGREEMENT

Lakeside Restorations

("Employer")

affirms, adopts and agrees to be bound the February 1, 2011 through January 31, 2014 collective bargaining agreement between The Chicago Metal Contractors Bargaining Association ("Association") and Painters District Council No. 14 ("Union") which is incorporated by reference herein along with all extensions, amendments and renewals subsequently negotiated by the Union and the Association.

    1.    **Termination.**  This Agreement shall remain in full force and effect from February 1, 2011 through January 31, 2014, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received not less than sixty (60) nor more than ninety (90) days prior to the expiration date of the desire to modify or amend this Agreement through negotiations. In the absence of such notice, the Employer and the Union agree to be bound by the new area-wide negotiated agreement with the Association incorporating it into this Agreement and extending this Agreement for the life of the newly negotiated Association agreement, and thereafter for the duration of successive Association agreements unless and until timely notice of termination is given as provided above.

    2.    **Execution.**  The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of the complete Association Agreement.

    IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _26_ day of _Aug_ ,2011.

EMPLOYER:

FIRM: Lakeside Restorations
    **(PRINT)**

ADDRESS: 1740 W. Carrol Ave 2W
Chicago, IL  60612
    **(PRINT)**

NAME
and TITLE _John Ciehl owner_
    **(PRINT)**

SIGNATURE _John Ciehl_

UNION:

TERRENCE P. FITZMAURICE
**Business Manager/Secretary-Treasurer**
**Painters District Council #14**